## IN THE UNITED STATES DISTRICT COURT OF ARKANSAS
## EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 4:19CR00433KGB |
| | ) | |
| JOSUE DUANE GARZA | ) | |

## SENTENCING MEMORANDUM

Comes now the Defendant, Josue Duane Garza, by and through his attorneys, the James Law Firm, respectfully moving this court to impose a sentence of probation.

### I.    INTRODUCTION

On August 23, 2019, Mr. Garza pleaded guilty to one count of Bribery of a Public Official, in violation of 18 U.S.C. § 201(b)(2)(C). Mr. Garza submits this Sentencing Memorandum in support of his request that this Court vary downward from his Guidelines range and sentence him to probation.

### II.    CHARACTERISTICS OF THE DEFENDANT

Josue Garza is originally from Texas but has put down roots in Wynne, Arkansas with his wife Monica Garza and his stepdaughter, Addilina Rodriguez. Josue and Monica Garza have been married for almost sixteen years. Mr. Garza has three children from his first marriage and has stepped in as a father for Ms. Garza's daughter, Addilina. Though not biologically related, Addilina, considers Mr. Garza to be her father. Family and friends have stated that the two are close and that Addilina rejects the "step" label in their relationship.

Mr. Garza is the main provider for his family. Monica Garza is disabled due to chronic fibromyalgia and rheumatoid arthritis. Addilina Rodriguez has heart disease and a hole between her left and right atrium. Mr. Garza has long been the rock of the family, working hard to provide for and protect Monica and his children. He is currently employed at 4 Star Tank

1

Rental, a small company out of Kermit, Texas. According to his employer, Joe Ethridge, Mr. Garza's work ethic and great attitude make him invaluable to the company. Mr. Garza is a religious man and attends Christian Valley Christian Church in Jonesboro, Arkansas. His faith has helped maintain his relationships during this trying time and cope with the consequences of his actions.

Mr. Garza's extended family is supportive of him. Letters written to the Court by friends and family show that they are ready and willing to help him move forward with his life. The letters paint a picture of a devoted husband, father, friend, and employee. He is described as a jokester who loves fishing and hanging out with family. His consistency, steadiness, and good nature have clearly made an impression. Those writing to the court express their initial surprise and disappointment in Mr. Garza's actions, noting that this kind of behavior was an aberration for the man they know. They also reveal that Mr. Garza has confided in those closest to him his deep remorse for his actions.

### III.    VARIANCE REQUEST

#### a.    18 U.S.C. §3553(a)

In *United States v. Booker,* the United States Supreme Court decided the United States Sentencing Guidelines to be advisory only and not mandatory. 543 U.S. 220, 246 (2005). The district court may give respectful consideration to the Guidelines, but "permits the court to tailor the sentence in light of other [3553(a)] concerns as well." *Id* at 246-247. The Guidelines, formerly mandatory, now serve as one factor among several, in which courts must consider in determining the appropriate sentence. *Booker* further instructed that "reasonableness" is the standard controlling appellate review of the sentences district courts impose. *Kimbrough v. United States,* 552 U.S. 85 (2007). The Court's "overarching" duty is to "impose a sentence

sufficient, but not greater than necessary" to accomplish the goals of sentencing." *Pepper v. United States,* 131 S. Ct. 1229, 101 (2011).

U.S.C. §3553(a) sets out several parameters the Court must consider when deciding the appropriate sentence to impose: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to provide adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Initially, it dictates that the Court should deliver a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in the statute. Defense counsel contends that the requested sentence will still accomplish this goal.

   i.   <u>The nature and circumstances of the offense and the history and characteristics of the defendant</u>

Prior to the conduct at hand, Josue Garza has lived his life a law-abiding citizen. Because of his lack of criminal history, he is more likely to respond positively to court supervision than others in his situation might be. Mr. Garza has been in complete compliance while under pre-trial supervision and there is no reason to believe that he would respond any differently to a sentence of probation.

While the circumstance and facts of this case are serious, Mr. Garza did not use violence or threat and is unlikely to be a danger to anyone else. It is also important to note that Mr. Garza cooperated with investigators and plead to an Information without forcing the government to

indict him. He has cooperated with the Government and did nothing to inhibit the Government's ability to prosecute him.

    ii.    <u>The need for the sentence imposed to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense</u>

As previously mentioned, Josue Garza has no criminal history and has never been in any kind of trouble. That, along with the fact that Mr. Garza is now a felon, means that a sentence of probation is more than sufficient to promote respect for the law.  Probation will certainly be experienced as a punishment for Mr. Garza and will be viewed as such by anyone that knows of the situation. A period of probation is sufficient but not greater than needed to reflect the seriousness of the offense and provide just punishment for Mr. Garza.

    iii.    <u>The requested sentence will provide adequate deterrence to criminal conduct</u>

If Mr. Garza is sentenced to the requested probation, anyone that might observe his situation— the emotional and financial stress he has caused his family, the fear he and his loved ones have experienced, the shame to which he and his family are exposed, and the daily requirements of probation— will understand that any short term benefit derived from this type of crime is not worth it in the long run.  No person learning of the requested sentence will believe that such conduct is worth the risk and therefore the requested sentence will serve as a deterrence to anyone contemplating conduct like that committed by Mr. Garza.

    iv.    <u>The requested sentence will protect the public from further crimes of the Defendant</u>

Due to Mr. Garza's lack of criminal history, his support system, and his compliance with pretrial supervision, the likelihood that Josue Garza would commit further crimes is very small.

Supervision by the Court during a probationary period would be more than sufficient to protect others from the small chance that Mr. Garza would offend again.

### IV. CONCLUSION

The requested sentence of probation will be sufficient, but not greater than necessary to accomplish the purpose of sentencing and the considerations of 18 U.S.C. §3553(a). A sentence of probation would appropriately punish Mr. Garza while protecting the community from the chance of him participating in further criminal activity. It is Mr. Garza's position that his circumstances, when taken together and applied to the considerations of Section 3553, merit the requested variance.

WHEREFORE, Mr. Garza respectfully requests a downward variance and requests this Court sentence him to probation.

Respectfully Submitted,

/s/ William O. "Bill" James, Jr.
Bar No. 94108
Attorney for Defendant
James Law Firm
1821 S. Broadway
Little Rock, AR 72206
(501) 375-0900
E-mail: wojfeds@gmail.com